UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERO REFINING COMPANY—CALIFORNIA, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,<br><br>Defendant. | No. 2:17-cv-01350-TLN-EFB<br><br>**ORDER** |

On January 18, 2019, Defendant Pacific Gas and Electric Company ("Defendant" or "PG&E") filed an Application for Temporary Stay. (ECF No. 46.) On January 21, 2019, Plaintiff Valero Refining Company ("Plaintiff") filed an Opposition thereto. (ECF No. 47.) The Court has reviewed the parties' briefs, and for the reasons provided below, Defendant's Application is DENIED.

Defendant seeks a temporary stay in this matter pending its anticipated Chapter 11 bankruptcy filing. Indeed, PG&E has announced its intent to file for Chapter 11 protection "on or about January 29, 2019." (Pl.'s App., ECF No. 46, at 2.) Under 11 U.S.C. § 362, once PG&E files for such protection, all litigation against PG&E will automatically be stayed, including the present action. Defendant seeks a temporary stay in this matter—to last thirty (30) days or until it files for bankruptcy—in order to "preserve [its] assets" pending that automatic stay. (*Id*.)

Defendant indicates—and Plaintiff agrees—that the parties are in the middle of briefing on Defendant's Motion for Summary Judgment, and that depositions of two of PG&E's experts are scheduled for the end of January. Defendant seeks to temporarily stay the action so it does not expend resources on these matters in the interim.

The Court has broad discretion in deciding whether to issue a stay. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket . . . . [This] calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[1] *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Exercising that discretion, the Court is not convinced that a stay is necessary or proper in this case.

First, PG&E filed its motion for summary judgment (ECF No. 44) before even requesting this stay. The vast majority of resources it would need to dedicate to that filing have therefore already been expended, and any "assets" it might use to review Plaintiff's opposition and prepare an optional reply are minimal. The same is true of defending the upcoming depositions. Defendant's interest in preserving the limited resources it will take to defend two depositions does not outweigh Plaintiff's interest in pursuing litigation unless and until the automatic stay takes effect. Indeed, PG&E may still opt not to file for Chapter 11 bankruptcy, in which case Plaintiff would be stuck with an unjustified thirty-day stay.

Additionally, Plaintiff's arguments that a stay imposed by this Court would act as a premature protection to a debtor and set a dangerous precedent are well taken. (*See* ECF No. 47 at 3-4.) This Court is not a bankruptcy court, and Defendant is not entitled to a premature stay of proceedings unless and until it actually files for the protections afforded under Chapter 11.

///

///

///

---

[1] The Court rejects Plaintiff's position that the requested stay is governed by a preliminary injunction standard. (*See* ECF No. 47 at 3.) *Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.)*, 502 F.3d 1086, 1094 (9th Cir. 2007) applied a preliminary injunction standard where a Chapter 11 debtor sought to stay a proceeding in which the debtor was not a party. Here, the Plaintiff—who happens to be a *potential* debtor—is seeking to stay a proceeding in which it is a party.

2

For the reasons provided above, Defendant's Application for Temporary Stay (ECF No. 46) is DENIED.

IT IS SO ORDERED.

Dated: January 28, 2019

Troy L. Nunley
United States District Judge