1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  VALERO REFINING COMPANY –          No.  2:17-cv-01350-TLN-JDP
    CALIFORNIA, a Delaware corporation,
12
                  Plaintiff,            **ORDER**
13
           v.
14
    PACIFIC GAS AND ELECTRIC
15  COMPANY, California corporation,

16                Defendant.

17

18

19         This matter is before the Court on Plaintiff Valero Refining Company's ("Plaintiff")

20  Motion to Amend.  (ECF No. 39.)  Defendant Pacific Gas and Electric Company ("Defendant")

21  filed an opposition.  (ECF No. 40.)  Plaintiff filed a reply.  (ECF No. 41.)  Also before the Court

22  is Plaintiff's Motion to Enforce Deadlines.  (ECF No. 63.)  Defendant filed an opposition.  (ECF

23  No. 64.)  Plaintiff did not file a reply.  For the reasons set forth below, the Court GRANTS

24  Plaintiff's Motion to Amend and DENIES Plaintiff's Motion to Enforce Deadlines.

25  ///

26  ///

27  ///

28  ///

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an incident that occurred on May 5, 2017, when Defendant allegedly caused an unexpected power outage at Plaintiff's Benicia Refinery (the "Refinery") while conducting maintenance activities on the transmission lines supplying power to the Refinery, resulting in substantial damages ("the May 5 incident").  (ECF No. 39-1 at 5.)

Plaintiff filed a Complaint on June 30, 2017, asserting various state law claims against Defendant based on the incident.  (ECF No. 1.)  The Complaint also included a request for punitive and exemplary damages.  (*Id.* at 18.)  On September 11, 2017, the parties filed a joint stipulation in which Plaintiff agreed to remove its claim for punitive and exemplary damages, and in return Defendant agreed to permit Plaintiff to amend to reassert a claim for punitive and/or exemplary damages up to 75 days prior to the close of fact discovery.  (ECF No. 19.)  Plaintiff filed the First Amended Complaint ("FAC") in accordance with the parties' stipulation that same day.  (ECF No. 20.)

On October 26, 2017, the Court entered its pretrial scheduling order setting the discovery deadline as June 29, 2018.[1]  (ECF No. 26.)  The order also provides "[n]o amendments to pleadings is permitted without leave of court, good cause having been shown."  (*Id.* at 2.)  On October 19, 2018, Plaintiff filed the instant motion to amend seeking to reassert its claim for punitive damages.  (ECF No. 39.)  It is undisputed that Plaintiff filed its motion after the deadline established by the parties' stipulation.

## II.   STANDARD OF LAW

Granting or denying leave to amend a complaint rests in the sound discretion of the trial court.  *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  When the Court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Federal Rule of Civil Procedure ("Rule") 16 governs any amendments to the complaint.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  To allow for amendment under Rule 16, a plaintiff must show good cause for not having amended before the time specified in the pretrial

---

[1]   On June 18, 2018, pursuant to a joint stipulation, the Court extended the discovery deadline to August 24, 2018.  (ECF No. 36.)

2

scheduling order. *Id.*  The good cause standard primarily considers the diligence of the party seeking amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*  The focus of the inquiry is on the reasons why the moving party seeks to modify the complaint. *Id.*  If the moving party was not diligent, then good cause cannot be shown, and the inquiry should end. *Id.*

Even if the good cause standard is met under Rule 16, the Court has the discretion to refuse amendment if it finds reasons to deny leave to amend under Rule 15(a). *Johnson*, 975 F.2d at 610.  Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires."  The Ninth Circuit has considered five factors in determining whether leave to amend should be given: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).

**III.   ANALYSIS**

A.   Rule 16

Because the pretrial scheduling order requires Plaintiff to show good cause to amend at this stage, Plaintiff must first meet Rule 16's good cause standard.  (*See* ECF No. 26.)

In order to pursue punitive damages against Defendant under California Civil Code § 3294(b) ("§ 3294"), Plaintiff must show "advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice . . . on the part of an officer, director, or managing agent of the corporation."  Cal. Civ. Code § 3294(b).  "Malice" is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." *Id.* § 3294(c)(1).

///

///

3

1    According to Plaintiff, it was forced to take additional depositions — beyond the

2  discovery deadline — to develop critical facts to support its punitive damages claim.[2]  (ECF No.

3  39-1 at 6–7; ECF No. 41 at 7–8.)  More specifically, Plaintiff argues the deposition of Bruce

4  Henry, a former director for Defendant, became necessary because Defendant's previously

5  deposed employees (Mark Quinlan, Lauri Jones, and Roderick Robinson) provided contradictory

6  deposition testimony as to who was ultimately responsible for training in relation to the May 5

7  incident.  Plaintiff argues it noticed Henry's deposition for August 20, 2018 — four days before

8  the close of discovery — but Henry's pre-planned travel schedule and unforeseen family issues

9  delayed the deposition until September 12, 2018.  (ECF No. 39-1 at 7.)  At his deposition, Henry

10  clarified that Jones and Robinson acted as managing agents preceding the May 5 outage.  (ECF

11  No. 41-6 at 4.)  Plaintiff emphasizes that it received the transcript from Henry's deposition on

12  September 25, 2018 and filed the instant motion to amend less than one month later.  For these

13  reasons, Plaintiff argues it was diligent in seeking to amend.

14    Defendant argues Plaintiff was not diligent in seeking leave to amend because, as

15  evidenced by a letter Plaintiff sent to Defendant on June 12, 2018, Plaintiff possessed sufficient

16  facts to assert a claim for punitive damages more than four months before Plaintiff's motion to

17  amend and two months before the close of fact discovery.  (ECF No. 40 at 13.)  In the June 2018

18  letter, Plaintiff purportedly set forth a list of the facts developed as of that date to support its claim

19  for punitive damages.  (*Id.*)

20    Based on the record before it, the Court is not convinced by Defendant's argument that

21  Plaintiff already possessed the requite facts to support its punitive damages claim long before it

22

23  [2]    Defendant objects to "new" evidence and arguments in Plaintiff's reply and seeks leave to
   file a sur-reply.  (ECF No. 43.)  Defendant points to Local Rule 230(b) which provides that the
24  "moving party shall file a notice of motion, motion, accompanying briefs, affidavits, if
   appropriate, and copies of all documentary evidence that the moving party intends to submit in
25  support of the motion."  However, Local Rule 230(b) does not require the Court to strike
   Plaintiff's evidence.  Given that the Court is ruling on a motion to amend rather than a dispositive
26  motion, coupled with the fact that Plaintiff's reply directly addresses arguments in Defendant's
   opposition and expounds on arguments Plaintiff made in its opening brief, the Court declines to
27  strike Plaintiff's reply and evidence attached thereto.  Accordingly, the Court OVERRULES
   Defendant's objections and DENIES Defendant's request to file a sur-reply.  (ECF No. 43.)
28

4

1  moved to amend.  (ECF No. 40 at 16–17.)  Rather, it appears Plaintiff faced conflicting

2  information, acted in good faith to confirm the identity of responsible parties, and sought leave to

3  amend shortly thereafter.  As such, the Court finds that Plaintiff was sufficiently diligent to satisfy

4  Rule 16.

5          B.    <u>Rule 15</u>

6        The Court now turns to whether Plaintiff's motion is proper under Rule 15.  Defendant

7  argues amendment is improper based on all the Rule 15 factors.  The Court considers each factor

8  in turn.

9                *i.*     *Bad Faith and Undue Delay*

10        "Bad faith means acting with intent to deceive, harass, mislead or disrupt."  *Richard A.*

11  *Leines v. Homeland Vinyl Products, Inc.*, No. 2:18-cv-00969-KJM-DB, 2020 WL 6044037, at *4

12  (E.D. Cal. Oct. 13, 2020) (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006).

13  "Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens on

14  the court."  *BNSF Ry. Co. v. San Joaquin R. Co.*, No. 1:08-cv-01086-AWI-SMS, 2011 WL

15  3328398, at *2 (E.D. Cal. Aug. 2, 2011) (citing *Mayreaux v. Louisiana Health Service and*

16  *Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

17        In arguing Plaintiff acted in bad faith and unduly delayed moving to amend, Defendant

18  repeats many of the same arguments already addressed — namely, that Plaintiff possessed the

19  information necessary to assert a claim for punitive damages long before filing the instant motion.

20  (ECF No. 40 at 18.)  For the same reasons already discussed, the Court concludes that Defendant

21  has not shown Plaintiff acted in bad faith or unduly delayed bringing the instant motion.

22  Therefore, these factors weigh in favor of granting leave to amend.

23                *ii.*     *Prejudice*

24        Prejudice is the factor that weighs most heavily in the Court's analysis of whether to grant

25  leave to amend.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

26  "Prejudice results when an amendment would unnecessarily increase costs or would diminish the

27  opposing party's ability to respond to the amended pleading."  *BNSF*, 2011 WL 3328398, at *2

28  (citation omitted).  Courts have found proposed amendments to be prejudicial when leave to

5

amend is requested as a relevant discovery deadline nears or has already passed. *See, e.g.*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

Defendant argues it would be prejudiced because it is now precluded from pursuing the discovery it needs to rebut Plaintiff's new claims and theories that Defendant's allegedly insufficient training rose to the level of malice required for punitive damages. The Court disagrees. Defendant was on notice throughout the course of litigation that Plaintiff intended to bring a claim for punitive damages. Not only did the parties expressly contemplate the possibility of a claim for punitive damages in their September 2017 stipulation, but Plaintiff's June 2018 letter apparently notified Defendant that Plaintiff intended to reassert a claim for punitive damages with ample time to conduct discovery before the fact discovery deadline in August 2018. (ECF No. 40 at 18.) Further, the Court agrees with Plaintiff that the conduct giving rise to punitive damages here seems to relate specifically to decisions Defendant made regarding the training of its employees and the auditing of its systems — information presumably within Defendant's control. It also bears mentioning that the Court will be establishing new deadlines pursuant to the parties' forthcoming second supplemental joint status report, and the Court encourages the parties to propose deadlines that will minimize the prejudice to both parties. For these reasons, the Court finds that any purported prejudice to Defendant does not weigh against granting Plaintiff leave to amend.

### iii.     Futility

The Ninth Circuit has held that when an amendment is futile, "there is no need to prolong litigation by permitting further amendment." *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). A proposed amendment is futile where "the pleading could not possibly be cured by the allegation of other facts." *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

As previously discussed, to be entitled to punitive damages under § 3294, Plaintiff must prove by "clear and convincing evidence" that Defendant is "guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). "Malice" under § 3294 is "conduct which is intended by the

6

1   defendant to cause injury to the plaintiff or despicable conduct which is carried on by the

2   defendant with a willful and conscious disregard of the rights or safety of others." *Id.* §

3   3294(c)(1).

4          Defendant argues Plaintiff cannot state a claim for punitive damages under § 3294

5   because Plaintiff does not allege that a director or managing agent consciously disregarded known

6   risks.  (ECF No. 40 at 23–24.)  In so arguing, Defendant relies on *Pac. Gas & Elec. Co. v.*

7   *Superior Court*, 24 Cal. App. 5th 1150 (2018).  But there is a crucial difference between *Pac. Gas*

8   *& Elec. Co* and the instant case: *Pac. Gas & Elec. Co* involved a motion for summary

9   adjudication while the instant case is at the pleading stage.  Unlike ruling on a motion for

10  summary adjudication, the Court must take Plaintiff's allegations as true and draw all reasonable

11  inferences in Plaintiff's favor at this early stage.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Retail*

12  *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).

13         In its proposed Second Amended Complaint ("SAC"), Plaintiff alleges Defendant made a

14  "conscious corporate decision" not to train system operators to read "elementary electrical

15  diagrams," which its own employees admit is necessary to understand the Special Protection

16  Scheme at issue.  (*See* ECF No. 39-3.)  Plaintiff further alleges Defendant's managing agents and

17  directors failed to institute internal audit and/or compliance programs to ensure adherence to

18  Defendant's policies and procedures.  (*Id.*)  According to Plaintiff, with accurate documents,

19  appropriate communication, and adequate training, the May 5 incident could have been avoided,

20  and Defendant's directors and managing agents acted with knowledge of "potentially disastrous

21  consequences" in failing to take steps to ensure that system operators were adequately trained or

22  that systems existed to ensure compliance.  (*Id.*)

23         Taking Plaintiff's allegations as true and drawing all reasonable inferences in its favor, the

24  Court is satisfied that Plaintiff has adequately alleged violations of § 3294.  Plaintiff expressly

25  alleges Defendant's directors and managing agents were aware of the dangerous consequences of

26  their actions.  Moreover, there is at the very least a reasonable inference that Defendant acted

27  with a conscious disregard to a known risk by failing to train system operators on reading and

28  interpreting "elementary electrical diagrams."  In any event, the Court cannot say at this stage that

7

1   Plaintiff's allegations could not possibly be cured by further amendment.  *See Watison*, 668 F.3d

2   at 1117.  As such, this factor weighs in favor of granting leave to amend.

3                              *iv.       Prior amendment*

4           Finally, Defendant argues amendment is improper because Plaintiff already amended its

5   complaint once before.  Defendant's argument is unpersuasive.  Plaintiff previously amended the

6   Complaint in accordance with the parties' stipulation, and that stipulation expressly contemplated

7   the possibility that Plaintiff might amend its complaint to reassert a claim for punitive damages.

8   (ECF No. 19.)  Accordingly, Plaintiff's single prior amendment does not outweigh the other Rule

9   15 factors that weigh in favor of granting leave to amend.

10                      C.       Motion to Enforce Deadlines

11          In moving to enforce deadlines, Plaintiff argues Defendant is intentionally delaying the

12  completion of expert discovery as contemplated by the supplemental joint status report filed

13  December 20, 2019.  Plaintiff requests the Court hold Defendant accountable to the expert

14  discovery deadlines set forth therein.  (*See* ECF No. 61.)  In opposition, Defendant argues that by

15  minute order on January 14, 2020, the Court declined to adopt the parties' proposal and stated the

16  parties would be required to propose new deadlines after it ruled on the instant motion to amend.

17          Defendant is correct.  The Court did not adopt the proposed deadlines in the parties'

18  previous supplemental joint status report and instead ordered the parties to submit a second

19  supplemental joint status report proposing new dates and deadlines within 30 days of this Order.

20  (*See* ECF No. 62.)  In other words, the deadlines Plaintiff seeks to enforce are not binding on

21  Defendant.  Therefore, Plaintiff's motion to enforce deadlines is DENIED.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    **IV.    CONCLUSION**

2         For the reasons stated above, the Court GRANTS Plaintiff's Motion to Amend (ECF No.

3    39) and DENIES Plaintiff's Motion to Enforce Deadlines (ECF No. 63).  The Court ORDERS

4    Plaintiff to file its SAC not later than fourteen (14) days from the electronic filing of this Order.

5    Defendant shall file a responsive pleading not later than twenty-one (21) days after the filing of

6    Plaintiff's SAC.  In addition, the parties are ORDERED to file a second supplemental joint status

7    report, proposing new dates and deadlines going forward, not later than thirty (30) days from the

8    date of electronic filing of this Order.

9         IT IS SO ORDERED.

10   DATED:  October 26, 2020

11

12

13                                                    _____
                                                      Troy L. Nunley

14                                                    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9